William Thorpe (No. 005641)
wthorpe@thorpeshwer.com
Bree G. Nevarez (No. 035671)
bnevarez@thorpeshwer.com
THORPE SHWER, PC
3200 North Central Avenue, Suite 1560
Phoenix, AZ 85012
Phone:  602-682-6105

Lisa N. Neal (admitted *pro hac vice*)
lneal@rutan.com
James R. Burrell (admitted *pro hac vice*)
jburrell@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:    714-641-5100

Hani Z. Sayed (admitted *pro hac vice*)
hsayed@rutan.com
RUTAN & TUCKER, LLP
16427 N. Scottsdale Road, Suite 260
Scottsdale, AZ 85254
Telephone:    714-641-5100

**Attorneys for Plaintiff IDIQ**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Identity Intelligence Group, LLC, a Nevada limited liability company, d/b/a IDIQ, <br><br> Plaintiff, <br><br> vs. <br><br> Rocket Mortgage, LLC, a Michigan limited liability company, <br><br> Defendant. | Case No. 2:22-cv-01272-MTL <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR EXPEDITED CONSIDERATION OF ITS APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Identity Intelligence Group, LLC d/b/a IDIQ ("Plaintiff" or "IDIQ"), by and through its undersigned counsel, hereby files this Reply to Defendant's Response in Opposition to Plaintiff's Request for Expedited Consideration of its Temporary Restraining Order and Motion for Preliminary Injunction filed by Defendant Rocket Mortgage, LLC ("Defendant" or "Rocket Mortgage") on August 12, 2022. Defendant ignores the ongoing and daily irreparable harm being suffered by Plaintiff in its Application for Temporary Restraining Order (the "TRO"), attempts to fault Plaintiff for timely filing this action under the Uniform Domain-name Dispute Resolution Policy (the "UDRP") and informally trying to resolve the issue raised by the TRO, and cites no authority supporting its arguments.

I. **ARGUMENT**

    A. **This Relief Sought Is Urgent Because Plaintiff Is Suffering Irreparable Harm.**

Each day that passes Plaintiff suffers irreparable harm to its business and reputation among not only its direct consumers but also its affiliates who direct on-line traffic to the <rocketcreditscores.com> domain (the "Disputed Domain"). The Declaration of Michael Scheumack, submitted as TRO Exhibit 1, outlines the irreparable damage IDIQ is currently experiencing.

IDIQ's customers use the Disputed Domain to enroll in IDIQ services each day. *See* TRO Ex. 1 at ¶ 18, Ex. A (displaying the average number of daily enrollments from the Disputed Domain each month of 2022). Since the Disputed Domain became inaccessible, consumers cannot enroll in IDIQ services using the Disputed Domain. Beyond that, the independent affiliates that IDIQ partners with, and who market and direct consumers to the Disputed Domain, are no longer able to direct consumers to the Disputed Domain and cannot receive accompanying commissions because the Disputed Domain is still down. TRO Ex. 1 at ¶¶ 8, 17, 31-32. The sudden disappearance of the Disputed Domain harms IDIQ's brand, reputation, and goodwill among its affiliates and among consumers. Contrary to Defendant's claims, the damage to IDIQ is massive, irreparable, and ongoing.

### B. IDIQ Could Not Have Anticipated GoDaddy's Premature Actions But Reacted Immediately.

IDIQ timely filed this action and had no reason to expect the Registrar to act prematurely and transfer the Disputed Domain in violation of the UDRP. Pursuant to the UDRP, IDIQ had ten business days to file this action before the transfer of the Disputed Domain. UDRP § 4(k), https://www.icann.org/resources/pages/policy-2012-02-25-en. The underlying Complaint was filed on July 28, 2022, which is within that ten-business-day period. Notwithstanding, the Registrar improperly transferred the Disputed Domain to Defendant. *See* ECF No. 1.

IDIQ immediately attempted to recover the Disputed Domain. *See* Ex. 1 at ¶¶ 5-10, Ex. A. Before resorting to the time, expense, and inconvenience of a TRO and Preliminary Injunction application with this Court, IDIQ first tried to work directly with the Registrar. *Id.* After all, the issue is rather simple—IDIQ should *already* possess the Disputed Domain pending resolution of this action, and the Registrar violated the UDRP by transferring the Disputed Domain to Defendant on July 28, 2022. However, the Registrar was unwilling to act without a court order. *Id.* at ¶¶ 9-12, Ex. B. When IDIQ's efforts with the Registrar failed, IDIQ attempted to involve the Internet Corporation for Assigned Names and Numbers ("ICANN") and the World Intellectual Property Organization ("WIPO"). *Id.* at ¶¶ 11-12. These efforts also proved fruitless. *See id.* at ¶ 12. Only when there were no remaining alternatives did IDIQ decide to seek preliminary injunctive relief from this Court. *Id.*

It is important to note that Defendant would suffer little to no harm if IDIQ regains the Disputed Domain pending resolution of this action. This is particularly true here where the Disputed Domain should not have been transferred to Defendant under the applicable rules. Notably, Defendant is not currently using the Disputed Domain despite having had possession since July 28, 2022. *See* Ex. 1 at ¶ 14.

As such, the relief sought by IDIQ through the TRO is simply seeking to put the parties in the position they were in before the Complaint and filed, and the position the

parties should still be in despite the Registrar's premature and improper transfer of the Disputed Domain, which is causing IDIQ to suffer irreparable harm.

### C. IDIQ Proposes An Expedited Briefing Schedule.

Based on the fact the Disputed Domain should never have been transferred to Defendant pending resolution of this action, and in light of the irreparable harm IDIQ is suffering on a daily basis, IDIQ would like this matter heard as soon as possible. Transferring the Disputed Domain to IDIQ while the preliminary injunction is decided is unlikely to cause any harm to Defendant and thus, IDIQ respectfully requests that the Court grant the TRO relief pending a hearing on the preliminary injunction.

To the extent the Court would like further briefing on the issues presented by the TRO, IDIQ respectfully requests that the Court set an expedited briefing schedule for the Application. IDIQ proposes the following briefing schedule

- Defendant file a response to the Application by Friday, August 19, 2022;
- IDIQ will file a Reply on Monday, August 22, 2022; and
- The Application will be set for hearing on Tuesday, August 23, 2022, or at the earliest convenient time for the Court.

Defendant has known about the TRO at least since August 11, 2022. *See* Ex. 1 at ¶¶ 15-16. August 19 would give Defendant eight days to file a response, and then Plaintiff would have only the weekend to reply. This allows IDIQ to address the immediate harm it is experiencing.

## II. CONCLUSION

IDIQ meets the requirements for a TRO as outlined in Rule 65 of the Federal Rules of Civil Procedure. Transferring the Disputed Domain to IDIQ while the preliminary injunction is decided would not harm Defendant. Nevertheless, if the Court is inclined to fully brief the TRO before deciding, then Plaintiff proposes the briefing schedule outlined above. The issue could then be decided by the Court immediately afterward.

DATED this 15th day of August, 2022.

**THORPE SHWER, PC**

By: */s/ William L. Thorpe*
    William Thorpe
    Bree G. Nevarez

AND

**RUTAN & TUCKER, LLP**
Hani Z. Sayed (admitted *pro hac vice*)
Lisa N. Neal (admitted *pro hac vice*)
James R. Burrell (admitted *pro hac vice*)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

/s/ *Brandi Kline*