William Thorpe (State Bar No. 005641)
wthorpe@thorpewshwer.com
Bree G. Nevarez (State Bar No. 035671)
bnevarez@thorpeshwer.com
THORPE SHWER, PC
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012
Telephone: 602-682-6105

Lisa N. Neal (*admitted pro hac vice*)
lneal@rutan.com
Meredith L. Williams (*admitted pro hac vice*)
mwilliams@rutan.com
James R. Burrell (*admitted pro hac vice*)
jburrell@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Phone: 714-641-5100

Hani Z. Sayed (admitted *pro hac vice*)
hsayed@rutan.com
RUTAN & TUCKER, LLP
16427 N. Scottsdale Road, Suite 260
Scottsdale, Arizona 85254
Telephone: 714-641-5100

Attorneys for Plaintiff
IDIQ

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Identity Intelligence Group, LLC, a Nevada Limited Liability Company, d/b/a IDIQ,<br><br>Plaintiff,<br><br>vs.<br><br>Rocket Mortgage, LLC, a Michigan Limited Liability Company,<br><br>Defendant. | Case No. 2:22-cv-01272-MTL<br>Honorable Michael T. Liburdi<br><br>**PLAINTIFF IDENTITY INTELLIGENCE GROUP, LLC'S RESPONSE TO DEFENDANT ROCKET MORTGAGE, LLC'S FIRST SET OF INTERROGATORIES** |

/ / /

/ / /

Plaintiff Identity Intelligence Group, LLC ("Responding Party" or "IDIQ") hereby responds to defendant Rocket Mortgage, LLC's ("Propounding Party" or "Rocket Mortgage") First Set of Interrogatories, as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purposes of this matter. In providing these responses, Responding Party preserves all objections as to competency, relevancy, materiality, authenticity, and admissibility of any information or documents, including, but not limited to, all information and documents identified in these responses; any and all objections which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at trial; all rights to object on any ground to the use of such information and documents identified herein in any subsequent proceedings; and all rights to object on any ground to any further discovery requests.

Discovery is ongoing and Responding Party has not completed its investigation in this matter. The information in these responses is true and correct to Responding Party's best knowledge at this time and is subject to correction for inadvertent errors or omissions, if any. Responding Party's responses are based upon the records and information presently available to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documentation, and will add meaning to the known facts as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the facts, contentions and documents identified in these responses. Accordingly, there may exist additional facts, information, or documents not presently known to Responding Party, or whose relevance, significance, or applicability has not yet been ascertained. Therefore, Responding Party makes this Response without prejudice to Responding Party's right to produce, at trial or other hearing, all subsequently discovered evidence.

1          Responding Party reserves the right to amend or supplement any and all responses, as well as any further responses it may provide to these requests, at a later date as additional facts are ascertained, analyses are made, legal research is completed, contentions are framed and documents or facts are discovered.

          Except for the facts, if any, explicitly admitted by Responding Party, no admission of any nature whatsoever, incidental, inferred or implied are intended by these responses and objections.  Responding Party's responses and objections shall not be deemed an admission or concession of the existence of any facts set forth or assumed by this request for production or that such objection or response constitutes admissible evidence of any fact set forth or assumed.

          If any information within the scope of the attorney-client privilege or the attorney work-product doctrine, the right of privacy, or any other privilege against production is inadvertently disclosed in these responses, Responding Party has not done so intentionally, and reserves its right to assert those privileges at any time in these proceedings, and further reserves its right to request return of all privileged information, including any copies or abstracts of that information.  In addition, all evidentiary objections are reserved and no waiver of any objections is to be implied from this response.  To the extent that this response might arguably waive an otherwise assertable objection or claim of privilege, such waiver shall be limited to this response only and shall not extend to any further discovery requests.

and for all consumers with a valid U.S. social security number and who are at least eighteen years of age, and entities of all industries. Beyond those parameters, Responding Party does not limit its target consumers and markets to all potential consumers.

Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response if and when additional information becomes available.

**INTERROGATORY NO. 5**:

Identify all markets and channels of trade through which Your goods and services are promoted, marketed, displayed, distributed, sold, or intended to be sold in connection with the Rocket Credit Scores name and logo, including but not limited to identifying (by name, address and contact information) any affiliates, partners, agents or distributors, and any and all online locations or websites, brick-and-mortar retail stores or other business outlets, trade shows and exhibitions where the Rocket Credit Scores name and logo was promoted, marketed, displayed, distributed.

**RESPONSE TO INTERROGATORY NO. 5**:

Responding Party objects to this interrogatory as overbroad, oppressive, not narrowly tailored to the issues in dispute, and is premature and seeks information irrelevant and disproportional to the needs of this case, particularly in light of Responding Party's pending Motion to Dismiss Rocket Mortgage's Second Amended Counterclaims, in requesting information with respect to seeking the identities of "*any* affiliates, partners, agents or distributions, *any and all* online locations or websites, brick-and-mortar retail stores or other business outlets, trade shows and exhibitions where the Rocket Credit Scores name and logo was promoted, marketed, displayed, distributed" [emphasis added]. Responding Party further objects to this interrogatory to the extent that it invades Responding Party's privacy rights by seeking to discover confidential, proprietary, and/or business trade secret information, including information that might reveal pricing, manufacturing, research, development, and other such information, maintaining the secrecy of which enables Responding Party to compete in the marketplace. Responding Party also objects to this

interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine.

Without prejudice to Responding Party's right to amend, supplement, or change this response in response to additional information discovered during the course of this litigation, subject to and without waiving the foregoing objections, and based on Responding Party's current understanding of the Interrogatory, Responding Party responds as follows:

Responding Party's services have been marketed or sold using the Rocket Credit Scores brand through the first-party domains: https://www.RocketCreditScores.com, <myrocketcreditscores.com> and <my3scores.co>. Responding Party exercises its right to produce documents sufficient to identify the third-party websites through which its services are marketed in response to this Interrogatory.

Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response after considering information and documents obtained through discovery.

**INTERROGATORY NO. 6**:

Describe the marketing, advertising and promotion of goods and services offered in connection with the Rocket Credit Scores name or logo, including, but not limited to, all forms of print, websites, and social media and any trade shows attended by You or others working on Your behalf.

**RESPONSE TO INTERROGATORY NO. 6**:

Responding Party objects to this interrogatory as vague and ambiguous, as the terms "marketing, advertising and promotion of goods and services" are undefined, which makes it unclear what information Propounding Party specifically seeks. Responding Party further objects to this interrogatory as compound, overbroad, unduly burdensome, oppressive and not proportional to the needs of this case in seeking an array information with respect to multiple goods and services. Responding Party also objects to this interrogatory to the extent that it invades Responding Party's privacy rights by seeking to discover confidential,

1  proprietary, and/or business trade secret information, including information that might
2  reveal pricing, manufacturing, research, development, and other such information,
3  maintaining the secrecy of which enables Responding Party to compete in the marketplace.
4  Responding Party also objects to this interrogatory to the extent it seeks information
5  protected by the attorney-client privilege and attorney work product doctrine.

6        Without prejudice to Responding Party's right to amend, supplement, or change this
7  response in response to additional information discovered during the course of this litigation,
8  subject to and without waiving the foregoing objections, and based on Responding Party's
9  current understanding of the Interrogatory, Responding Party responds as follows:

10       IDIQ partners with affiliates who in turn promote its white label websites and direct
11 internet traffic toward them.  Affiliates are primarily responsible for marketing IDIQ's
12 services to consumers.  Affiliates provide consumers with specific links to the white label
13 websites that identify which affiliate directed a given visitor.  Using this information, IDIQ
14 compensates affiliates in the form of a commission when one of these visitors enrolls in an
15 IDIQ service.  IDIQ regularly attends affiliate marketing trade shows to market, advertise
16 and promote its goods and services offered in connection with the Rocket Credit Scores
17 name and logo. IDIQ's <rocketcreditscores.com> domain is well-known in the affiliate
18 space. At trade shows, affiliates sometimes refer to IDIQ as RocketCreditScores.com, and
19 prospective IDIQ affiliates will ask about the Domain by name or they will ask for the
20 "Rocket Offer".

21       Discovery and investigation are ongoing.  Responding Party reserves the right to
22 amend or supplement this response if and when additional information becomes available.
23

24 **INTERROGATORY NO. 7**:
25       Describe Your first awareness of any Rocket Company and/or any goods or services
26 sold, offered for sale by a Rocket Company under any ROCKET Trademark, including the
27 date when and circumstances under which You first became aware.
28